The opinion of the court was delivered by
Miller, J.
The plaintiffs enjoin the collection of city and State taxes assessed on the buildings and machinery alleged to be employed by the plaintiff in the manufacture of barrels, kegs and hogsheads of wood, exempt from taxation under Art. 207 of the Constitution. The exemption claimed is denied by the defendants, and they appeal from the judgment of the lower court maintaining’the injunction.
*1315 The testimony is the plaintiffs import from the North and West, prepared material for the making of barrels. This material consists of the staves or sides, hoops and headings. The stave is dressed, jointed, and, as one of the witnesses expresses it, ready for use. The hoops also come prepared, as do the headings. The manufacture of these prepared staves and headings, on which the plaintiffs rely, consists in drying the material, setting them up in barrel forms done by hand; then a machine is used to make the shape of the barrel, followed by a heating process, and the hoops are driven on by a trussing machine, it is testified, to form more completely the barrel’s shape. After this, the barrel passes to a machine which ‘ ‘ gets ’ ’ the croze and chimes ready, and finally the 11 hoopers off ’ ’ shape up the barrel and turn it into the warehouse. The machinery used for these purposes serves for the hand labor usually performed, and doubtless is quicker. Turning from the processes indicatedinthe testimony for plaintiffs, other witnesses testifying to the work on this material state: the staves, heads and hoops are imported, the barrelraised or set up, then wound up, fired, “machinery works it off at the ends, puts the croze on, the cooper then sets the hoops on and finishes the barrel; ’ ’ machinery, the witness adds, is used in working the barrels off at the ends. The barrels thus made are for sugar and rice, and constitutes the business of plaintiffs conducted at their establishment.
The exemption of the Constitution is of machinery, cápital and property employed in the manufacture of furniture and other articles of wood. The case raises the question whether processes of the kind depicted in the testimony, which put into shape the parts of a barrel ready to set up, from staves, heads and hoops, already cut, shaped and prepared, is to be deemed the manufacture of articles of wood in the sense of the Constitution. Undoubtedly the plaintiffs’ machinery serves the purpose of setting up the prepared staves already bent for the purpose, inserting the heads, and putting on the hoops that come with the staves. But the component parts of the barrel are supplied and at hand, and whether the barrel is set up by manual labor or machinery, the processes can not, we think, be considered as the manufacture of an article of wood in any ordinary or legal sense of the word. The heating of the prepared staves, the putting on the prepared head, the driving of the hoops, are all necessary to the completion of the barrel, but not one nor all these processes constitute, in any ordinary significance, the *1316 manufacture of the article, nor does the additional fact that the barrel is held by machinery to receive the head, or hoops, or the heading, furnish, in our view, any better support to the claim that the plaintiff is a manufacturer.
It is familiar that exemptions from taxation are strictly construed. Our courts have held that doors, sashes and blinds manufactured from the raw material are exempt from taxation. Carre vs. City, 41 An. 996; Martin vs. New Orleans, 38 An. 398. So a cooper who makes barrels and hogsheads from rough logs and splits was held exempt, but that was the case of a license tax from which he was exempted as following a mechanical occupation. Const., Art. 206; City vs. LeBlanc, 34 An. 596. Again we held the exemptions applied to “ shooks ” manufactured from the rough timber. We find no warrant to increase these exemptions based on the processes performed by plaintiffs upon the staves, hoops and headings already adapted to be shaped into the barrel by ordinary hand labor for which plaintiffs substitute machinery.
We understand from the record that no hogsheads were made in the plaintiffs’ establishment, and hence no exemption in that respect is before us. Nor is it ux-ged that plaintiffs claim exemption for any business other than that we haye discussed. The assessment on lots, buildings, machinery is that called in question on the grouxid of the asserted exemption.
It is therefore ordered, adjudged and decreed that the judgment of the lower court be avoided and reversed, and that plaintiffs’ injunction be dismissed at their costs.